O

**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

TRUSTEES OF THE SOUTHERN )
CALIFORNIA IBEW-NECA      )   Case No. EDCV 09-0076-VAP
PENSION PLAN, et al.,     )   (CTx)
          Plaintiffs,     )
                          )
     v.                   )
                          )
DANNY LOUIS LANE, doing   )
business as JDL POWER      )
SYSTEMS;                  )   **JUDGMENT**
                          )
          Defendant.      )
_____)

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

     Pursuant to the Order filed herewith, IT IS ORDERED AND ADJUDGED
that this Judgment is entered in favor of Plaintiffs Trustees of the
Southern California IBEW-NECA Pension Plan, Trustees of the Southern
California IBEW-NECA Health Trust Fund, Trustees of the Inland Empire
IBEW-NECA Health Trust Fund, Trustees of the Los Angeles County
Electrical Educational and Training Trust Fund, Trustees of the San
Bernardino County Electrical Education and Training Trust Fund,
Trustees of the National Electrical Benefit Fund, Trustees of the
Southern California IBEW-NECA Labor-Management Cooperation Committee,

1   Trustees of the Inland Empire Labor-Management Cooperation Committee,

2   Trustees of the National IBEW-NECA Labor-Management Committee, Los

3   Angeles Electrical Workers Credit Union, National Electrical Industry

4   Fund, and the Administrative Maintenance Fund (collectively

5   "Plaintiffs") against Defendant Denny Louis Lane ("Defendant" or

6   "Lane"), doing business as JDL Power Systems.  The Court orders that

7   such judgment be entered.

8

9       The amount of damages ordered paid to Plaintiffs is $24,838.26,

10  calculated as follows:

11      (a) $17,963.12 for unpaid DWM contributions;

12      (b) $3,641.78 in prejudgment interest; and

13      (c) $3,233.36 in liquidated damages.

14

15      In addition, Defendant is ordered to deliver or cause to be

16  delivered to Plaintiffs or their authorized representative, no later

17  than thirty (30) days from the date of entry of this judgment:

18      (a) Copies of all employee time cards, time slips, start
        slips, time sheets, payroll records and compensation
19      records, which document the number of hours of work per
        day, including breaks, worked by each employee of
20      Defendant, maintained in the course of Defendant's business
        for the time period from October 1, 2004 through the date
21      of production;

22      (b) Copies of all Defendant's Quarterly Federal Tax Returns
        (Form 941) maintained in the course of Defendant's business
23      for the time period October 1, 2004, through the date of
        production;
24
        (c) Copies of all Federal Form W-2 Statements maintained in
25      the course of Defendant's business, issued to Defendant's
        employees from October 1, 2004, through the date of
26      production;

27      (d) Copies of all Federal Form W-3 Reconciliation of Income
        Tax Withheld and Transmittal of W-2 Forms maintained in the
28

2

course of Defendant's business, for the time period from October 1, 2004, through the date of production;

(e) Copies of all Federal Form 1099 Miscellaneous Income Statements and Federal Form 1096 Reconciliation and Transmittal of 1099 Forms maintained in the course of Defendant's business, for the time period from October 1, 2004, through the date of production;

(f) Copies of all Quarterly State of California Tax Returns (DE-6 forms) maintained in the course of Defendant's business, for the time period from October 1, 2004, through the date of production;

(g) Copies of all cash disbursement journals, as provided for in the Master Agreements, maintained in the course of Defendant's business of Defendant, for the time period from October 1, 2004, through the date of production;

(h) Copies of all daily job logs maintained in the course of Defendant's business, for the time period from October 1, 2004, through the date of production;

(i) Copies of all weekly payroll registers, showing the name, type of work, number of hours of work, rate per hour and gross wages for each of Defendant's employees, maintained in the course of Defendant's business, for the time period from October 1, 2004, through the date of production;

(j) Copies of all foreman reports maintained in the course of Defendant's business, for the time period from October 1, 2004, through the date of production;

(k) Copies of all inspector logs maintained in the course of Defendant's business, for the time period from October 1, 2004, through the date of production;

(l) Copies of all shift differential logs maintained in the course of Defendant's business, for the time period from October 1, 2004, through the date of production;

(m) Copies of all individual payroll ledgers, cancelled payroll checks, and payroll check stubs maintained in the course of Defendant's business, for the time period from October 1, 2004, through the date of production;

(n) Copies of all employee hour summaries prepared by or on behalf of any employees working for Defendant, from October 1, 2004, through the date of production;

(o) Copies of all daily job tickets of Defendant from October 1, 2004, through the date of production;

3

1    (p) Copies of all certified payroll reports for public
     projects documents submitted by Defendant, to any general
2    contractor or public contracting agency, showing the name,
     type of work, number of hours of work, rate per hour, gross
3    wages, beginning and ending date of work, and specific
     jobsite location with regard to each employee of Defendant,
4    who performed work from October 1, 2004, through the date
     of production;
5
     (q) Copies of all worker's compensation insurance forms and
6    reports, including all supporting documentation and
     attachments that indicate the job class for all employees,
7    maintained in the course of Defendant's business for the
     time period from October 1, 2004, through the date of
8    production;

9    (r) Copies of all records documenting hours and earnings on
     a job-by-job basis for all jobs performed by Defendant from
10   October 1, 2004, through the date of production; and

11   (s) Copies of any and all documents that evidence any work
     performed by any employees of Defendant, from October 1,
12   2004, through the date of production, pursuant to the
     letters of assent to the Master Agreements signed by
13   Defendant in May 2003.

14

15   **IT IS SO ORDERED.**

16

17   Dated: <u>April 13, 2010</u>

18                                       VIRGINIA A. PHILLIPS
                                       United States District Judge

19

20

21

22

23

24

25

26

27

28